UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE TOWN CENTER FLATS, LLC,   Bankr. No. 15-41307
                                 Chapter 11
      Debtor.            HON. MARIA L. OXHOLM
_____/

TOWN CENTER FLATS, LLC,

      Appellant,          Civil Action No. 16-CV-13911

vs.                              HON. BERNARD A. FRIEDMAN

ECP COMMERCIAL II, LLC,

      Appellee.
_____/

## OPINION AND ORDER AFFIRMING THE
## DECISION OF THE BANKRUPTCY COURT

This matter is before the Court on appellant's appeal of the bankruptcy court's decision that Building 53 was properly redeemed [docket entry 1]. The matter has been fully briefed. For the reasons stated below, the Court affirms the bankruptcy court's decision.

The following "relatively undisputed" facts were summarized by the bankruptcy court in its September 28, 2016, bench opinion and by the parties in their briefs:

In 2009, the Fox Brothers Company ("Fox") filed a construction lien claim against Town Center Development, Inc., Town Center Flats, LLC, and their shared principal, Mr. DiLorenzo, in Macomb County Court with respect to unpaid-for materials and labor. Appellee's Br. p. 5. The property against which Fox asserted the lien was a fifty-three-unit condominium housing development called "Building 53." *Id.* at 5–6. Fox also named as a defendant, and properly served, Keybank National Association, the only other party with a secured interest in

Building 53. However, Keybank never appeared at the proceedings and later assigned its mortgage interest to appellee in May 2014. *Id.* at 6; R. at 496, 1034.

In July 2009, the Macomb Circuit Court entered a judgment of foreclosure against appellant giving Fox's claim priority. Appellee's Br. p. at 8; R. at 1032. On October 16, 2009, the Macomb County Sheriff executed a sheriff's deed on Building 53 in favor of Fox and reflecting a redemption amount of $32,244.39. Appellee's Br. p. at 8; R. at 1033. That same day, the Macomb County Clerk issued a report of sale for Building 53 for the exact redemption amount, and on October 23, 2009, it recorded a deed for Building 53 that named Town Center Development. Appellee's Br. p. at 8. On November 2, 2009, the Macomb Circuit Court entered an order confirming the sale and setting December 2, 2009, as the redemption deadline. *Id.* at 9. "On December 4, 2009, DiLorenzo paid $32,500" in cash and checks to Fox, the purpose "of which is now disputed." R. at 1033. In mid-December 2009, Fox executed and recorded both a quit-claim deed from Fox to Town Center Development for Building 53 and a release of two claims of lien. *Id.* at 1034.

In early 2015, appellant and Town Center Development filed Chapter 11 cases, and appellant moved for determination as to the property of its estate, arguing that it had not successfully redeemed Building 53. After extensive briefing and oral argument, the bankruptcy court held that

> [t]he real property at issue that was subject to the construction lien foreclosure [i.e., Building 53] was redeemed from that foreclosure and was not validly transferred to Development; and therefore such is property of the Debtor's bankruptcy estate, subject to the mortgage interests of ECP Commercial 11, LLC, as assignee of [Keybank].

September 28, 2016, Order Resolving Motion for Determination as to Property of the Estate p. 1.

At the outset, the Court notes that it is satisfied by the parties' explanation of its jurisdiction. The Court will review the bankruptcy court's three pertinent findings: First, that Michigan law allows parties to agree to extend redemption deadlines in both judicial and advertisement foreclosures. *Id.* at 1038–39. Second, that the parties extended the redemption deadline to December 4, 2009. *Id.* at 1039. Third, that the $32,500 DiLorenzo paid to Fox on December 4, 2009, was intended to redeem Building 53. *Id.* at 1043–44. A district court reviews a bankruptcy court's findings of law de novo and findings of fact for clear error. *See In re Allen-Morris*, 523 B.R. 532, 536 (E.D. Mich. 2014).

The Court reviews the bankruptcy court's first finding de novo. The bankruptcy court held that case law from the Michigan Court of Appeals allows parties to privately extend redemption deadlines. The Court agrees. The Michigan Court of Appeals summarized Michigan law on this point in *Keybank Nat'l. Ass'n v. Ameriquest Mortg. Co.*, No. 242925, 2004 WL 1057814, *4–5 (Mich. Ct. App. May 11, 2004):

> Thus, in the instant case, when the statutory redemption period expired, Nationsbanc's sheriff's deed presumably should have become operative, and title to the property should have vested in Nationsbanc. See MCL 600.3240; *Bankers Trust Co of Detroit v. Rose,* 322 Mich. 256, 260; 33 NW2d 783 (1948), quoting *McCreery v. Roff,* 198 Mich. 558, 564; 155 NW 517 (1915) ("Legal title does not vest at once upon the auction sale on statutory foreclosure ... but only at the expiration of the period allowed for redemption"); *Detroit Fidelity & Surety Co v. Donaldson,* 255 Mich. 129; 237 NW 380 (1931) (mortgagor does not lose all interest in property until time for redemption under the foreclosure decree expires); *Dunitz v. Woodford Apartments Co,* 236 Mich. 45, 49; 209 NW 809 (1926).
>
> However, the execution creditor may validly contract to waive or extend the statutory period of redemption:
>
>> The time provided by statute for redemption from foreclosure sale may be extended by agreement of the parties. Thus, the time for redemption from a

> mortgage foreclosure sale may be extended by agreement of the purchaser, in which case the ownership of the property does not change until expiration of the extended period. So, also, if a mortgagee enters into a valid agreement with the mortgagor prior to the expiration of the statutory period of redemption, which in effect extends the right of payment of the mortgage debt beyond the redemption period, he abandons rights acquired as a purchaser of the mortgaged property on foreclosure of the mortgage, and in legal effect continues the relation of mortgagor and mortgagee between himself and his debtor. The extension may be by verbal agreement, provided it is made before the expiration of the redemption period; if it is made after that time it is frequently held to be within the statute of frauds. Apart from consideration of the statute of frauds, the agreement to permit redemption or to extend the time of redemption has been upheld upon the grounds of general equitable relief, the most frequent of which is found in the application of the principles of estoppel. . . .
>
> See also 59A CJS, Mortgages, § 1038 ("The parties may by contract extend the period allowed by law for redemption, whether the agreement is made pending the time for redemption or after it has expired"). Cf. *Macklem v. Warren Construction Co,* 343 Mich. 334, 339; 72 NW2d 60 (1955); *Thomas v. Ledger,* 274 Mich. 16; 263 NW 783 (1935); *Pellston Planing Mill & Lumber Co v Van Wormer,* 198 Mich. 648, 653; 165 NW 724 (1917) ("The authorities are numerous, and we think substantially uniform, that the execution creditor and the execution debtor may bind themselves by an agreement to extend the time for redemption...."); *Audretsch v. Hurst,* 126 Mich. 301, 302-303; 85 NW 746 (1901).

Appellant seeks to distinguish *Keybank* by pointing out that the foreclosure in *Keybank* was by advertisement, while the foreclosure here is judicial, and the lien in *Keybank* was a homeowner's mortgage, while the lien here is a construction lien. This position is unsupported by case law or reason. The Court is not persuaded that these technical distinctions substantively distinguish *Keybank*.

Further, as appellee notes, the Court in *Fisher v. JP Morgan Chase Bank*, No. 14-12734, 2015 WL 871066, *4 (E.D. Mich. Feb. 27, 2015), and *Wheat v. Deutsche Bank Nat'l Trust Co.*, No. 2:13-CV-13715, 2014 WL 3778240, at *8 (E.D. Mich. July 31, 2014), agreed with appellee's position. The bankruptcy court's holding on the question of law is affirmed.

The Court reviews the bankruptcy court's finding that the parties extended the redemption deadline from December 2, 2009, to December 4, 2009, for clear error. In making this finding, the bankruptcy court relied on appellant's December 3, 2009, Motion for Relief from Judgment and December 28, 2009, Motion for Reconsideration, in which appellant admits that the parties extended the redemption period; an August 2012 transcript in which Ms. Pollesch, Fox's attorney, stated that Fox agreed to extend the redemption deadline; and an August 2016 transcript of a bankruptcy court hearing in which Pollesch verified her earlier statement and DiLorenzo testified that he "needed to pay $32,500 by 5:00 p.m. on December 4th, 2009, or Flats and Development would never get" Building 53 back. R. at 1039–40.

Appellant's only argument is that the redemption deadline must be December 2, 2009, because that was the date set by the Macomb Circuit Court. Appellee does not contest that the original redemption deadline as set by the Macomb Circuit Court was December 2, 2009. Rather, it argues that the deadline was amended by the parties. This finding is well supported by the evidence. Appellant fails to show any error, let alone clear error, in the bankruptcy court's finding, so the Court affirms.[1]

The Court reviews the bankruptcy court's finding that the $32,500 paid by DiLorenzo to Fox was redemption, and not a sale, for clear error. Appellant argues that the quit-

---

[1] The Court notes that the tagline appellant uses for this argument is "Full Faith and Credit. There is no Full Faith and Credit issue here. The bankruptcy court did not ignore the Macomb County foreclosure notice; rather, it assumed that the notice was valid but amended by the parties. This analysis gives full faith and credit to the state court order.

5

claim deed transferring Building 53 to Town Center Development is evidence of a sale.[2] It made this same argument to the bankruptcy court, to no avail. In finding that the quit-claim deed evidenced redemption, not a sale, the bankruptcy court relied on testimony from Pollesch that she executed the quit-claim deed to "resolve and effectuate a redemption"; testimony from "an expert that quit-claim deeds are sometimes used to effectuate redemption rather than to" transfer title; the lack of transfer taxes in the quit-claim deed, which indicates that this was not a sale of land but a redemption; and the absurdity of Fox selling Building 53, a $2 million building it allegedly owned outright, to Town Center Development for a mere $32,500. R. at 1041–42. The bankruptcy court noted that there was evidence on both sides, but that the evidence as a whole weighs in favor of appellee. *Id.* at 1043. Having reviewed the briefs, evidence, and the bankruptcy court's bench opinion, the Court agrees. Appellant fails to show clear error.

In sum, as the bankruptcy court held, DiLorenzo successfully redeemed Building 53 on December 4, 2009, thus voiding the sheriff's deed[3] and preserving Keybank's mortgage interest.

Accordingly,

IT IS ORDERED that the decision of the bankruptcy court is affirmed.

S/ Bernard A. Friedman<br>BERNARD A. FRIEDMAN<br>SENIOR UNITED STATES DISTRICT JUDGE

Dated: April 11, 2017
      Detroit, Michigan

---

[2] The Court notes that the major effect of holding that this was a sale is the implicit finding that DiLorenzo failed to redeem Building 53, thus transferring ownership of Building 53 to Fox and extinguishing Keybank's—later appellee's—lien.

[3] Under Mich. Comp. Laws § 600.3240, a sheriff's deed becomes void once the property is redeemed.